THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH R. HEDDLESTEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-20-438-R |
| | ) | |
| SCOTT CROW, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 29, 2020, Judge Purcell issued a Report and Recommendation wherein he recommended that the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Judge Purcell sets forth the timeline of Petitioner's state conviction following entry of a blind plea and his unsuccessful attempt to withdraw his plea, as well as his unsuccessful appeals and multiple applications for post-conviction relief. Beyond the proceedings identified in the Report and Recommendation, the records of this Court reveal that Petitioner previously filed a § 2254 challenge to these same convictions. *See*

*Heddlesten v. Miller,* CIV-11-430-M (Doc.No. 37). Petitioner requested and the Court complied with his request to dismiss that petition without prejudice, as discussed further below. Petitioner now returns to this Court, eight years after expiration of the one-year statute of limitations period under the AEDPA, and seeks to pursue his § 2254 claims. As noted, Judge Purcell concluded the petition was untimely, a conclusion that Petitioner does not challenge. Similarly, he does not challenge Judge Purcell's conclusion that he is not entitled to statutory tolling. Petitioner argues, however that he is entitled to equitable tolling. The Court disagrees.[1]

Petitioner asserts that his appellate counsel's failure to file a petition for certiorari review or to inform him of the one-year statute of limitations period for filing a § 2254 petition entitles him to equitable tolling. As noted in the Report and Recommendation, the standard for equitable tolling requires a Petitioner to establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Here, the Court's earlier § 2254 proceedings belie any attempt by Mr. Heddlesten to rely on equitable tolling.

Petitioner filed CIV-11-430-M on April 19, 2011, eight days after his conviction became final. In a Report and Recommendation dated July 15, 2011, Magistrate Judge Valerie Couch recommended dismissal of the § 2254 petition because it presented both exhausted and unexhausted claims. Petitioner was advised that he could amend his petition and omit unexhausted claims, in which case the petition could proceed. (Doc.No. 14). In

---

[1] Judge Purcell also concluded that Petitioner had not alleged factual innocence as a basis for tolling, a finding that Petitioner does not challenge in his objection.

2

the Report and Recommendation Judge Couch recommended the Court not employ the stay and abeyance procedure sometimes applied to mixed petitions:

> Petitioner has not demonstrated a stay is warranted by addressing the appropriate *Rhines* [*v. Weber*, 544 U.S. 269 (2005),] factors. Significantly, the one-year limitations period has not expired. *See* 28 U.S.C. § 2244(d)(1)(A). Without conducting any analysis of the limitations issue, the Court notes the OCCA Summary Opinion was filed on January 20, 2011. Therefore, the recommended dismissal of the instant period does not come at a time after the expiration of the limitations period or close to the end of the one-year period.

*Id.* at p. 5. A footnote accompanying the text warned Petitioner that the limitations period was not tolled while the federal habeas petition was pending. *Id.* at note 1. In response Petitioner chose to amend his petition, omitting the unexhausted claims.

Thereafter, on April 4, 2012, mere days before the one-year period under § 2244(d) expired, Petitioner sought leave to supplement his petition to add new, unexhausted, claims. (Case No. CIV-11-430-M, Doc.No. 30). He was again warned about the statute of limitations issue in a July 23, 2012 Order from Magistrate Judge Bana Roberts denying his request that the Court excuse exhaustion of his unexhausted claims and denying leave to supplement his claims because doing so would create a "mixed" petition.)[2] Petitioner was given the opportunity to clarify whether he sought dismissal without prejudice of the entire action or whether he wished to proceed with his one exhausted claim. (*Id.* at Doc.No. 36, p. 3, note 1). Despite these warnings Petitioner concluded that he wished to proceed on all of his claims and sought voluntary dismissal without prejudice. Consistent with his request,

---

[2] By this time the statute of limitations had expired.

the Court dismissed his action on September 25, 2012 and Petitioner did not return to this Court until May 2, 2020.

This additional factual background undercuts Petitioner's contention that he is entitled to equitable tolling, given that he twice ignored this Court's admonitions that the one-year statute of limitations was running while he was pursuing his initial § 2254. Furthermore, Petitioner's arguments related to the alleged ineffectiveness of his counsel and counsel's failure to raise certain arguments do not support a finding of equitable tolling, rather they are arguments in support of the merits of his claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))); *Vue v. Dowling*, 716 F. App'x 749, 752 (10th Cir. 2017) (requiring a petitioner "to provide sufficient evidence that his lawyer's purported negligence prevented him from filing a habeas application within the one-year limitations period"). Petitioner was able to file his initial § 2254 action within days of his conviction becoming final and was informed in those proceedings of the one-year statute of limitations period. Counsel's alleged failure to file a petition for certiorari review does not implicate Petitioner's ability to seek § 2254 relief. Similarly, counsel's failure to raise certain issues in the District Court of Caddo County does not implicate Petitioner's ability to timely seek § 2254 relief. As such, the Court concludes Petitioner is not entitled to equitable tolling.

In a habeas proceeding, when the Court issues a final ruling that is adverse to the petitioner, it must consider whether to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c); Rule 11(a), Rules Governing Section 2254 Cases in the United States District

Courts. When the adverse ruling rests on a procedural ground, the petitioner must show that reasonable jurists could debate (1) whether the petition asserted a viable constitutional claim and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds reasonable jurists would not debate the Court's determinations (1) that the habeas petition is time-barred under § 2244(d)(1)(A) and (2) Petitioner is not entitled to tolling of the statute of limitations period. The Court therefore declines to issue a certificate of appealability.

For the reasons set forth above, the Court hereby ADOPTS Magistrate Judge Purcell's conclusion that the Petition is untimely, and Petitioner is not entitled to tolling of the statute of limitations period, and therefore the Petition is hereby DISMISSED.

**IT IS SO ORDERED** this 19th day of June 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE